IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISLAMIC SERVICES | § | |
| FOUNDATION d/b/a Brighter | § | |
| Horizons Academy, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-CV-1333-L |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Islamic Services Foundation ("ISF") filed a Motion to Compel on December 16, 2025.  (Dkt. No. 15 ("Mot.").)  Defendant Philadelphia Indemnity Insurance Company ("PIIC") responded on January 6, 2026 (Dkt. No. 17 ("Resp.")), and ISF filed its reply on January 13, 2026 (Dkt. No. 19 ("Reply")).[1] United States District Judge Sam A. Lindsay referred the Motion to the undersigned magistrate judge for a hearing, if necessary, and determination pursuant to 28 U.S.C. § 636(b).  (Dkt. No. 16.)

---

[1] At the Court's direction, the parties refiled their primary briefs and supported appendices on January 26 to comply with local rules concerning the use of supporting documents.  (*See* Dkt. No. 20.)  ISF subsequently filed its corrected brief (Dkt. No. 23) and appendix (Dkt. No. 24 ("P. App.")).  PIIC also filed its corrected brief (Dkt. No. 21) and appendix (Dkt. No. 22 ("D. App.")).  Because the Court intended the refiling to only correct the appendices and brief citations to comply with Northern District of Texas Local Civil Rules 7.1 and 7.2, the Court relies on the original briefs and uses the corrected briefs to locate and cite supporting evidence in the corrected appendices.

For the reasons that follow, the Court grants the motion in part and denies it in part.

## I. BACKGROUND

This is a first-party insurance claim dispute.  ISF held a commercial property insurance policy issued by PIIC with coverage from June 23, 2023 through June 23, 2024.  ISF alleges that a hailstorm damaged its buildings located at 3145 and 3262 Medical Plaza Dr. in Garland, Texas, on September 24, 2023.  It submitted a claim on the PIIC policy on July 18, 2024.  On September 30, 2024, PIIC declined coverage, stating that its investigation showed that the damage to ISF's properties resulted from storms that preceded the applicable coverage period, in either 2013 or 2016.  (P. App. 456.)

By its motion to compel, ISF seeks an order requiring PIIC to produce documents and provide a corporate representative to testify pursuant to Fed. R. Civ. P. 30(b)(6) on certain objected-to topics.  Specifically, ISF seeks responses to the following requests for production:

> Request for Production No. 4: Produce your complete Underwriting File for Plaintiff's policy of insurance with you.

> Request for Production No. 12: Produce the personnel file for anyone you (or an adjusting firm) assigned to participate in evaluating damage to Plaintiff's Property, including performance reviews/evaluations. This request is limited to the three (3) years prior to the Date of Loss and one (1) year after the Date of Loss.

(Dkt. No. 24-1 ("P. App.") at 462, 465.)  The noticed deposition topics in dispute are the following:

1.  Reserves and the manner in which they are calculated and set for claims such as the one made [the] basis of this suit.

2.  The policies, practices, and procedures for underwriting properties insured by Defendant.

3.  Whether Defendant conducted any underwriting or inspections prior to the date of loss alleged in Plaintiff's live pleadings and all documents related to underwriting.

4.  The manner and frequency in which Defendant decides to conduct any inspection(s) and/or evaluations of the property or properties it insures prior to issuance of policies on respective property or properties

5.  The factors considered in Defendant's evaluation of risk and exposure of the subject property prior to the issuance of the Policy;

6.  Whether any third-party assisted in Defendant's evaluation of risk and exposure of the subject property prior the issuance of the Policy, and if so, the guidelines, procedures and policies in evaluation and any other related documents;

7.  All documents related to the underwriting process, including and without limitation, all reports, photos, guidelines, and conclusions.

19.  The use of master service agreements.

(*See* P. App. 486-87.)[2]

## II.  LEGAL STANDARDS AND ANALYSIS

Rule 26 provides for the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

---

[2] In its motion, ISF also seeks an order compelling PIIC to present a witness with respect to topic No. 12, which concerns Defendants' defenses.  (Mot. at 10-11.)  In response, PIIC clarified that it did not object to that topic and acknowledged that counsel's correspondence conferring on the discovery mistakenly created an appearance that it did.  (Resp. at 9.)  Because PIIC has not objected to topic No. 12, ISF's motion is denied as moot as to that topic.

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Samurai Glob., LLC v. Landmark Am. Ins. Co.*, No. 3:20-CV-3718-D, 2023 WL 2190190, at *2 (N.D. Tex. Feb. 23, 2023) (quoting *Taylor v. Rothstein Kass & Co.*, No. 3:19-CV-1594-D (N.D. Tex. Dec. 11, 2020) (internal quotation marks omitted)). A "party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017).

A party may, under Rule 34, request documents and electronically stored information. *See* Fed. R. Civ. P. 34(a)(1). And, if a party responding to such request "fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34," Rule 37 authorizes the requesting party to file a motion seeking an order compelling the withholding party to produce the requested discovery. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv).

Fed. R. Civ. P. 30(b)(6) enables a party to depose a corporation, agency, or other organization. When an organization receives a deposition notice that "describe[s] with reasonable particularity the matters for examination," Fed. R. Civ.

-4-

P. 30(b)(6), it must designate one or more individuals to testifying on its behalf with respect to each topic. *See* Fed. R. Civ. P. 30(b)(6). "Before or promptly after the notice . . . is served, the serving party and the organization must confer in good faith about the matters for examination." *Id.*

The parties' dispute concerns four categories of information sought by ISF's discovery. First, PIIC asserts that information about the amount it reserved for ISF's claim and the manner in which it calculated the reserves are irrelevant to the claims and defenses in this case. Second, PIIC argues that its underwriting file is not discoverable because the information contained therein is irrelevant. Third, PIIC contends that the personnel files of any person or firm assigned to evaluate damage to ISF's property is overbroad and irrelevant and is an impermissible fishing expedition. Fourth, PIIC argues that it should not be questioned about master service agreements because it has none. The Court addresses each category in turn.

## A.    PIIC must provide a corporate witness to testify about reserves.

Deposition topic No. 1 concerns "[r]eserves and the manner in which they are calculated and set for claims such as the one made [the] basis of this suit." (P. App. 486.) PIIC contends that the issue of reserves and the manner in which they were set is not relevant, notwithstanding that ISF has asserted claims for bad faith. (Resp. at 2-3.)

"Numerous courts within the Fifth Circuit have held that loss reserves are relevant to claims of bad faith." *LEV Invs., Inc. v. Princeton Excess & Surplus Lines Ins.*

-5-

*Co.*, 350 F.R.D. 86, 89 (N.D. Tex. 2025) (citing cases).  ISF has alleges claims

against PIIC for bad faith insurance practices.  The Court finds the three cases upon

which PIIC relies unpersuasive for the same reasons Judge Rutherford distinguished

them in *LEV Investments*.  *See id.*  Upon review of the claims asserted in this action,

the Court concludes that PIIC's reserves are relevant to claims about the

investigation and valuation of ISF's claims and alleged bad-faith settlement practices.

The Court grants ISF's motion to compel with respect to deposition topic No. 1.

**B.    PIIC must provide discovery concerning its underwriting files and practices relating to the decision to insure ISF's property.**

Request for Production No. 4 seeks PIIC's "complete Underwriting File for

Plaintiff's policy of insurance with [PIIC]."  (P. App. 485.)  Additionally, ISF's

deposition notice identified topics pertaining to PIIC's underwriting policies and

practices (No. 2), PIIC's underwriting or inspection activities prior to the date of loss

alleged by ISF (No. 3), PIIC's decision making concerning whether to conduct

inspections or evaluations of properties before insuring them (No. 4), the factors

PIIC considered in evaluating risk and exposure before insuring ISF's property (No.

5); guidelines, procedures, and policies used by any third party who assisted PIIC in

evaluating the risk or exposure prior to insuring ISF's property (No. 6), and

documents relating to the underwriting process (No. 7).

PIIC contends that ISF defined the "Underwriting File" so broadly as to

capture information that is irrelevant to the claims and defenses in this case.

Nonetheless, it asserts, its decision to insure the property is irrelevant and ISF's

-6-

discovery requests are a mere fishing expedition. (Resp. at 4.) Girded by no authority, PIIC asserts that information about the steps it took (or did not take) before insuring ISF's property and whether those actions were consistent with PIIC's policies and guidelines concerning inspection and evaluation of risk is irrelevant.

The Court rejects PIIC's argument concerning relevance. PIIC declined the claim based on its conclusion that the damage to ISF's property preceded its coverage, making relevant information about the pre-policy condition of the property, steeps PIIC took to ascertain its condition, and its practices with respect to the assessment of properties when issuing a policy. *See Stanton 4433 Owners Ass'n v. State Farm Lloyds*, No. EP-20-CV-00280-FM, 2022 WL 17752218, at *4 (W.D. Tex. Sept. 6, 2022); *see also Tim Long Plumbing, Inc. v. Kinsale Ins. Co.*, No. 4:20-CV-00042, 2020 WL 6559869, at *4 (E.D. Tex. Nov. 9, 2020); *Tri Invs., Inc. v. United Fire & Cas. Co.*, No. 5:18-CV-116, 2019 WL 3308512, at *2 (S.D. Tex. May 24, 2019) (finding information relating to the underwriting file irrelevant *except* "to the extent that Defendant received or conducted any pre-loss inspection or evaluation of the condition of properties").

The parties also dispute whether PIIC may withhold documents responsive to Request for Production No. 4 based on a claim of privilege. In its response to Request for Production No. 4, PIIC objected to producing documents that are entitled to confidential treatment because they contain "trade secrets or other confidential business, research, development, or commercial information." (P. App.

462.)  Confidentiality, however, is not synonymous with privilege when assessing discoverability in civil litigation.  *See Hunsinger v. SKO Brenner Am., Inc.*, No. 3:13-CV-0988-D, 2014 WL 114348, at *2 (N.D. Tex. Jan. 9, 2014) ("Confidentiality does not act as a *per se* bar to disclosure or constitute grounds to withhold documents from discovery."); *Panda Energy Int'l, Inc. v. Calpine Corp.*, No. 3:03-CV-2692-B, 2008 WL 11350196, at *2 (N.D. Tex. July 3, 2008) ("[I]t is never proper to withhold information based on confidentiality concerns when a protective order is in place[.]").  The Court overrules PIIC's broad and unspecified objection based on confidentiality.  The parties may move the Court for entry of a confidentiality order to address PIIC's concerns.

To the extent PIIC indicates that it is withholding any documents based on a claim of privilege, it has a duty to produce a privilege log pursuant to Fed. R. Civ. P. 26(b)(5)(A).  PIIC acknowledges that, when it filed its response on January 6, it had not produced a privilege log.  (Resp. at 7.)  It also states that "Plaintiff's Motion to Compel was the first time [PIIC] was notified that a privilege log was not provided and that Plaintiff could not discern what privilege applied."  (Resp. at 7.)  The Court is puzzled by PIIC's suggestion that its obligation to prepare a privilege log was contingent upon ISF notifying PIIC that PIIC had not provided a privilege log and that the privilege was not apparent.  Nonetheless, having now been on notice for weeks, the Court presumes that PIIC has been diligent in preparing a privilege log.

PIIC is **ORDERED** to produce a privilege log in satisfaction of Rule 26(b)(5)(A) **within five days of this order**.

The Court sustains PIIC's objection in part as to the breadth of the requested discovery. Deposition topic No. 7, for example, notices a deposition of PIIC on "[a]ll documents related to the underwriting process, including and without limitation, all reports, photos, guidelines, and conclusions." This request appears to extend far beyond the underwriting process relating to ISF's policy at issue in this case. The Court grants the motion to compel and requires PIIC to provide discovery responsive to Request for Production No. 4 and deposition topic Nos. 2, 3, 4, 5, 6, and 7 relating to the inspections, evaluations, or underwriting process relating to Plaintiffs' property at issue or PIIC's policies and practices that would have been applicable to the policy involved in this case.

## C.    PIIC must provide documents responsive to Request for Production No. 12.

Request for Production No. 12 seeks the personnel file of anyone assigned to participate in evaluating the damage to ISF's property. (P. App. 465.) ISF limited its request to materials created in the period from three years prior to and one year after the date of loss. (P. App. 465.) PIIC objected to the request as irrelevant. (P. App. 465.)

ISF alleges that PIIC did not conduct an objective investigation of its claim. It argues that the personnel files containing education and training records, performance reviews, and evaluations are relevant to the assessment of whether PIIC

performed a reasonable investigation of its claim. Courts generally allow this discovery, at least in part, in similar circumstances. *See, e.g.*, *Beck v. Allstate Vehicle & Prop. Ins. Co.*, No. 3:16-CV-3244-D-BK, 2017 WL 11496870, at *2 (N.D. Tex. Sept. 25, 2017) ("[C]ourts routinely permit discovery of the personnel file of the claims adjuster who adjusted the disputed claim." (citing cases)); *see also Thakore v. Shelter Mut. Ins. Co.*, No. 6:23-CV-01108, 2024 WL 4393591, at *4 (W.D. La. Oct. 2, 2024); *Barber v. Dolgencorp of Texas, Inc.*, No. 4:09-CV-60, 2010 WL 1375193, at *2 (E.D. Tex. Mar. 31, 2010) (compelling production of performance evaluations and complaints).

The Court is unpersuaded by PIIC's reliance on *Dizdar v. State Farm Lloyds*, No. 7:14–CV–402, 2015 WL 12780640 (S.D. Tex. Jan. 21, 2015), to argue that the information sought is wholly irrelevant. In that case, the court denied a motion to compel personnel files as an overbroad fishing expedition to explore the plaintiff's hunch that the insurer financially incentivized employees to undervalue claims. *See id.* at *6-7. That court recognized that the request was overbroad despite having within it "ostensibly appropriate grounds"—i.e., that the adjuster was inadequately trained and failed to properly evaluate the case. *See id.* at *7; *see also Marvin United Methodist Church v. Church Mut. Ins. Co., S.I.*, No. 6:23-CV-00555-JDK-JDL, 2024 WL 5701493, at *4 (E.D. Tex. July 25, 2024). Here, ISF seeks information pertaining to the persons who assessed the damage to ISF's property, and information sought

concerning their training and evaluation is relevant to allegations that PIIC's
investigation or evaluation of the claim was inadequate.

The Court grants the motion and orders PIIC to produce documents
responsive to Request for Production No. 12. The parties should confer toward the
goal of submitting a joint confidentiality order to protect any private information
produced in discovery.

**D.    ISF's motion is denied as to deposition topic No. 19.**

Deposition topic No. 19 provides notice of ISF's intent to depose PIIC
concerning "[t]he use of master service agreements." (P. App. 487.) PIIC avers that
it has no master service agreements ("MSAs") with any third parties that it relied on
in the investigation of ISF's claim. (Resp. at 8.) It argues that it cannot produce a
witness to testify about agreements that do not exist. Relying on *Westheimer Regency
I, L.P. v. Great Lakes Reinsurance (UK) SE*, No. 5:18-CV-14-OLG, 2018 WL 7198643
(W.D. Tex. Aug. 20, 2018), ISF contends that merely denying that any MSA exists is
insufficient and asserts that PIIC must produce a corporate representative to say so.
(Reply at 4-5.) In *Westheimer Regency I*, however, the judge was patently skeptical of
a party's assertion that it had no procedures, policies, or manual relating to the
handling of property damage claims. *See id.* at *2 (characterizing such assertion as
"surprising"). Here, PIIC has clearly and unequivocally denied that there is any
MSA relating to the investigation of ISF's claim. In the absence of any basis to

doubt PIIC's denial, the Court will not require it to produce a deposition witness to confirm that denial.

In reply, ISF argues that, in the absence of any MSA, a PIIC corporate deponent can still testify about "how it proceeded to delegate its obligations to multiple third parties without any agreements in place." (Reply at 5.) Although such discovery might be permissible through other avenues, it does not fall within the scope of the noticed topic concerning "master service agreements." ISF's motion is denied as to deposition topic No. 19.

## IV. CONCLUSION

As explained above, ISF's motion to compel (Dkt. No. 15) is **GRANTED** in part and **DENIED** in part. PIIC is **ORDERED** to provide a privilege log within five days and to produce documents responsive to Request for Production Nos. 4 and 12 as provided herein within 21 days.

**SO ORDERED** on January 30, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE